Exhibit 3

## BELDOCK LEVINE & HOFFMAN LLP
### 99 PARK AVENUE, PH/26TH FLOOR
### NEW YORK, N.Y. 10016-1601

CYNTHIA ROLLINGS
JONATHAN MOORE
KAREN L. DIPPOLD
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT
MARC A. CANNAN
DAVID B. RANKIN
MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

COUNSEL
BRUCE E. TRAUNER
PETER S. MATORIN
MARJORY D. FIELDS
JOSHUA S. MOSKOVITZ
EMILY JANE GOODMAN
(JUSTICE, NYS SUPREME COURT, RET)
FRANK HANDELMAN

REF: 828900.01500

WRITER'S DIRECT DIAL:
212-277-5888
arobinson@blhny.com

**BY FEDEX OVERNIGHT DELIVERY**

April 6, 2018

General Counsel (024)
Department of Veterans Affairs
810 Vermont Avenue, N.W.
Washington, C.D. 20420

**RE: Freedom of Information Appeal – Records Relating to BIRLS Death Index (FOIA No. 18-03259-F)**

Dear Sir or Madam:

Ms. Brooke Ganz, President and CEO of Reclaim the Records, through counsel, hereby appeals the decision of the Department of Veteran Affairs, Veterans Benefits Administration, to deny her request for a full copy of the Beneficiary Identification Records Locator Subsystem ("BIRLS") Death File. Ms. Ganz's FOIA request (No. 18-03259-F) was denied on January 9, 2018, by FOIA Officer Ms. Gwendolyn Smith, Department of Veterans Affairs, Veterans Benefits Administration, 810 Vermont Avenue, NW Washington DC 20420.

By email, on September 20, 2017, Ms. Ganz made sent a FOIA request to the Department of Veteran Affairs asking for a copy of the BIRLS Death File. In her request, Ms. Ganz noted that the data contained in the BIRLS Death File had already been made available to the public, and was currently available online through at least two major genealogy websites, Ancestry.com and Fold3.com. Ms. Ganz noted that she was requested a copy for her organization to be posted online for free public use. A copy of Ms. Ganz's FOIA Request is attached as Exhibit A. Ms. Ganz did not receive a response to her inquiry within 20 days, as required by 5 U.S.C.A. § 552(a)(ii). Accordingly, Ms. Ganz sent five follow up emails, dated October 19, 2017, November 8, 2017, November 28, 2017, December 18, 2017, and January 8, 2018, asking when to expect a response and offering to provide further clarification. Copies of those emails are attached as Exhibit B.

BELDOCK LEVINE & HOFFMAN LLP

GC of Dept of Veterans Affairs
April 6, 2018
Page 2

On January 9, 2018 FOIA Officer Gwendolyn Smith denied Ms. Brooke Ganz's request for a copy of the most current and complete BIRLS death file. Ms. Smith asserted that a full copy of the records could not be provided because the records "contained information that falls within the disclosure protections of FOIA Exemption 6, 5. U.S.C. § 552(b)(6)." Ms. Smith's denial letter is attached as Exhibit C.

Contrary to Ms. Smith's denial, the FOIA law and case law interpreting it mandate that a copy of the BIRLS Death File be released to Ms. Ganz. Even assuming that that information within the BIRLS Death File is exempt under Exemption 6, its release is required under the "public domain" doctrine because, as Ms. Ganz noted in her request, the Department of Veteran Affairs has previously released the exact information Ancestry LLP, which has made the information accessible through an online, permanent, publicly-available, easily-searchable database. Second, the information contained in the BIRLS Death File is not exempt from disclosure under Exemption 6, because the information's contribution to the public's understanding of how government works greatly outweighs any privacy interest in it. In particular, Ms. Smith's denial letter notes that Exemption 6 permits VA to withhold information where release "would constitute a clearly unwarranted invasion of a *living* individual personal privacy," Exhibit C (emphasis added), and, by definition, the subjects of the BIRLS Death File are deceased. Third, even if the BIRLS Death File does contain some information exempt from disclosure under Exemption 6, the VA has a "duty to segregate" the exempt information and release the remaining non-exempt information.

## The Public Domain Doctrine Mandates Release of the BIRLS Death File for the Years 1850-2010

Under the public domain doctrine, the Department of Veteran Affairs must release the BIRLS Death File for the years 1850-2010 because the VA has already made that information available to Ancestry LLC, which has in turn made the information accessible through a publicly-available, permanent searchable database. *See U.S. Department of Veterans Affairs BIRLS File, 1850-2010*, Ancestry.com, https://search.ancestry.com/search/db.aspx?dbid=2441 (last visited Mar. 28, 2018) (listing the U.S. Department of Veteran Affairs as the source of the information). Under the public domain doctrine, "materials normally immunized from disclosure lose their protective cloak once disclosed and preserved in a permanent public record." *Cottone v. Reno*, 193 F.3d 550, 553–54 (D.C. Cir. 1999). The requestor "bears the initial burden of pointing to specific information in the public domain that appears to duplicate that being withheld," and the requestor must show that the specific information being sought is in the public domain by official disclosure. *Wolf v. CIA*, 473 F.3d 370, 378 (D.C. Cir. 2007). The public domain doctrine recognizes that "where information requested 'is truly public . . . enforcement of an exemption cannot fulfill its purposes.'" *Cottone*, 193 F.3d at 554. Indeed, "the public domain doctrine is a doctrine of futility . . . of almost no use to a plaintiff attempting to learn something that it does not already know. *Judicial Watch, Inc. v. U.S. Dep't of Def.*, 963 F. Supp. 2d 6, 12 (D.D.C. 2013). If the requestor can meet this burden, the government must provide the information unless it can show that it has been subsequently destroyed or placed under seal. *Id.* at 554.

BELDOCK LEVINE & HOFFMAN LLP

GC of Dept of Veterans Affairs
April 6, 2018
Page 3

Under the public domain doctrine, VA must provide Ms. Ganz the following extracts of the BIRLS Death File, for all individuals in the File, for the years 1850-2010: gender, birth date, death date, Social Security Number, cause of death, branch(es) of service, enlistment date(s), and release date(s). Through its website, Ancestry LLP has made all of this information publicly available to its users. *See U.S. Department of Veterans Affairs BIRLS File, supra.* Ancestry LLP further represents that it obtained a copy of the entire BIRLS Death File, except for the veterans' names, directly from the Department of Veteran Affairs, demonstrating that the requested information is in the public domain through official disclosure. *See Wolf,* 473 F.3d at 378; *U.S. Department of Veterans Affairs BIRLS File, 1850-2010, supra.* This is a case where enforcement of an exemption cannot fulfill its purpose. Any internet user can create a free trial account with Ancestry and instantly access all of this information contained in the BIRLS Death File in an easily searchable format. *See Start Your FREE Trial At Ancestry.com,* https://www.ancestry.com/cs/offers/freetrial (last visited Mar. 28, 2018). While Ms. Ganz already has access to the information contained in the BIRLS Death File through Ancestry.com, as her FOIA request explains, she has requested a copy of the full record for her own organization, Reclaim the Records, so it may similarly make this information available on its own website, much like Ancestry has done. Exhibit A.

### The Public Interest in the BIRLS Death File Outweighs Any Privacy Interest

Disclosure of the BIRLS Death Index—including for the years subsequent to 2010—is also mandated under the FOIA law because the public benefit of disclosure greatly outweighs any privacy interest in the information. *See U.S. Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 495 (1994); *Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749 (1989). First, any potential privacy interest in the information contained in the BIRLS Death Index is eliminated by the fact that, as discussed above, all of the information is already available to any internet user who creates an account with Ancestry.com in a user-friendly, easily searchable database. *See Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, 840 F. Supp. 2d 226, 233 (D.D.C. 2012) ("One can have no privacy interest in information that is already in the public domain . . . ."); *U.S. Dep't of Justice, U.S. Dep't of Justice Guide to the Freedom of Information Act* 436 (2016) (noting, in the context of Exemption 6, "[u]nless the information has become 'practicably obscure,' . . . there is generally no expectation of privacy regarding information that is particularly well known or is widely available within the public domain").

Even if this information was not already in the public domain, disclosure of the BIRLS Death Index at most implicates extremely minimal privacy interests easily overcome by the public benefits of disclosure. First, by definition, the subjects of the BIRLS Death Index records have a diminished privacy interest in the information contained in their records because to be because to be included in the Index, one must be deceased, and the privacy interest is diminished where the subject of a record is deceased. *See Schrecker v. U.S. Dep't of Justice*, 349 F.3d 657, 661–62 (D.C. Cir. 2003). Indeed, Ms. Smith's denial of Ms. Ganz's FOIL request indeed

Beldock Levine & Hoffman LLP

GC of Dept of Veterans Affairs
April 6, 2018
Page 4

acknowledges that Exemption 6 only protects the privacy interests of *living* individuals. Exhibit C. In addition, the BIRLS Death Index simply provides a general statement of the cause of death, unlike in cases where courts have found that disclosure of a record could implicate the privacy rights of grieving family members. *See, e.g., Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 170 (2004) (recognizing "surviving family members' right to personal privacy with respect to their close relatives death-scene images").

On the other hand, the information contained in the BIRLS Death Index is of substantial public interest. It provides significant insight how the government works by providing the public with information about the government's response to a significant number of wars and armed conflicts: WWI, the Korean War, WWII, the Vietnam War, the Gulf War, and the Iraq War among others. *See Fed. Labor Relations Auth.*, 510 U.S. at 495;. *Reporters Comm. for Freedom of Press*, 489 U.S. 749. By providing the dates of enlistment and release, the BIRLS Death Index can help members of the public better understand how the government responded to conflicts by drafting and enlisting soldiers. Information about causes of death can help the public contextualize the government's responses to wartime causalities, and can help members of the public better understand how the Veterans Administration works by providing information about how long veterans were eligible for services between being released from service and their deaths. Gender information can help members of the public understand how women have become gradually integrated into the military. Access to the BIRLS Death File will enable members of the public to act as historians and better understand the government's response to armed conflicts from the 19th through 21st century. This greatly outweighs the minimal privacy interests of deceased individuals and their family members, particularly because the BIRLS Death Index is already publicly available on the internet.

### Any Reasonably Segregable Portion of A Record Shall Be Provided to Any Person Requesting Such Provision After Deletion of the Portions Which Are Exempt

Even if some portion of the BIRLS Death Index can be properly withheld under Exemption 6, the Department of Veteran's Affairs must release the remainder of the documents. In her letter denying Ms. Ganz's FOIA request, Ms. Smith stated that her review of the documents "revealed that they contained information that falls within the disclosure protections of FOIA Exemption 6" and that "Exemption 6 permits VA to withhold a document or information contained within a document if disclosure of the information would constitute a clearly unwarranted invasion of a living individual's personal privacy." Exhibit C. Exemption 6, however, does not permit an agency to withhold an entire document if exempt information can be segregated from non-exempt information. Indeed, "FOIA specifically requires that, if a requested record contains information that is exempt from disclosure under one of the FOIA exemptions, "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." *Trans-Pac. Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1026–27 (D.C. Cir. 1999) (quoting 5. U.S.C. § 552(b)). Ms. Smith's letter, in fact, states that reviewed documents "*contained* information" that was exempt, rather than *consisted solely of* information that was exempt, suggesting that based

BELDOCK LEVINE & HOFFMAN LLP

GC of Dept of Veterans Affairs
April 6, 2018
Page 5

on her personal analysis, some of the information is subject to FOIA. Exhibit C. Under FOIA's plain language, this information, at the very least, must be disclosed.

Because the BIRLS Death File is already in the public domain, and the public interest in its disclosure far outweighs any private, the Department of Veteran Affairs should order disclosure of the records in the interest of avoiding unnecessary litigation. In the event that any portions of the File are withheld or deleted, the Department at a minimum should specifically identify any portions withheld, provide an index or similar statement of the scope of the material withheld, and specify the exemptions upon which the denial on appeal is based.

Pursuant to the requirements of FOIA, we request a response to this appeal within twenty working days. Please contact me by telephone if you have any questions or if I can facilitate your review, and the expeditious release, of the requested records in any way.

Sincerely,

David B. Rankin, Esq.

DBR/alr
Enclosures.

cc: Ms. Brooke Ganz