

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, NY 10007

March 14, 2019

BY ECF
Honorable Paul A. Engelmayer
United States District Judge
40 Foley Square
New York, NY 10007

Re: *Reclaim the Records, et al. v. U.S. Department of Veterans Affairs*, 18 Civ. 8449 (PAE)

Dear Judge Engelmayer:

    This Office represents the United States Department of Veterans Affairs (the "VA") in this lawsuit involving a Freedom of Information Act ("FOIA") request filed by Plaintiff Brooke Ganz, principal of the nonprofit organization Reclaim the Records (collectively, the "Plaintiffs"), seeking the Beneficiary Identification Records Locator Subsystem ("BIRLS") Death File, a database maintained by the VA. I write respectfully on behalf of both parties, in advance of the pre-trial conference scheduled for March 18, 2019, at 2:30 p.m.

    Because this is an action brought pursuant to FOIA, which in essence seeks review of agency action, the parties respectfully submit that, pursuant to Rule 26(a)(1)(B)(i) and (f)(1) of the Federal Rules of Civil Procedure, this action is exempt from initial disclosures and the Rule 26(f) conference and report. In addition, the parties submit that, pursuant to Local Civil Rule 16.1, this FOIA action is exempt from the requirement of a mandatory scheduling order under Rule 16(b). Accordingly, the parties respectfully submit that the proposed case management plan called for in the Court's initial conference order is not necessary in this case because we expect that this matter, like most FOIA matters, will be resolved either through motions for summary judgment or through settlement. *See Wood v. FBI*, 432 F.3d 78, 85 (2d Cir. 2005); *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994).

    Additionally, as set forth in more detail below, VBA is still in the process of evaluating what response it can provide to Plaintiffs, and expects to be able to complete its analysis, and make any releases no later than April 22. Thus, the parties have proposed that they provide the Court with an update no later than May 6 that will inform the Court of what disputes remain, if any, and propose a briefing schedule for summary judgment if needed. Accordingly, should the Court find the parties' proposal to be acceptable, the Government respectfully requests that the Court adjourn the March 18 conference to a date after May 6, at which the parties can in more detail discuss their respective positions and whether any disputes remain. Plaintiffs consent to the requested adjournment.

## I. Brief Description of the Case

In this action, Plaintiffs seek certain personal data from the BIRLS database for deceased veterans, that they claim was, at least in part, previously released to the genealogy website Ancestry.com in a prior FOIA proceeding. Specifically, Plaintiff Ganz's September 20, 2017, FOIA request at issue sought a "copy of the [BIRLS] Death File," which had "already been made public before" through a prior release to Ancestry.com. Through the administrative process, Plaintiffs clarified that they sought the following fields from the BIRLS database, for the period 1850-2010: gender, birth date, death date, Social Security Number, cause of death, branch(es) of service, enlistment date(s), and release date(s). Plaintiffs claimed that such information was already available to subscribers of Ancestry.com, but sought a copy of it to make it available on their own website.

The BIRLS database is a massive database of information, including personally identifiable information, on millions of veterans. The custodian of the database is the Veterans Benefits Administration ("VBA"). However, to respond to the Ancestry.com request, the VBA relied upon the Veterans Health Administration ("VHA") to analyze the data prior to release.

After that release, the VA became aware that the material released included data on living individuals, due to errors in the database leading to mismatches of information. Once the error was discovered, VA was required to work with Ancestry to exclude that information and offer redress to those living individuals. This required significant analysis of the data released, which included data for over 14 million individuals, and cross-referencing other, wholly unrelated databases accessible to the VA, to make efforts to verify the death status of the individuals whose data was released.

Because the VA concluded that it need not, and should not, compound the errors made in the release to Ancestry.com by providing a copy of that release to Plaintiffs, it rejected Plaintiffs' FOIA request. However, in the past few months, VBA, with the assistance of VHA, has re-analyzed the BIRLS data sought by Plaintiffs that was released to Ancestry.com to verify the accuracy of the deceased status of as many of the individuals as possible whom the data reflects had died within that time period. VBA is currently in the process of briefing senior VBA leadership about the steps it took to do that verification and a proposed response. We expect that senior leadership will be fully briefed in the next few days.

After that, VBA will then conduct the same analysis for the post-2010 data and determine whether some portion of that data can be released.[1] In sum, the VBA expects to be able to complete its analysis, brief senior leadership, and make any releases to Plaintiffs no later than April 22, 2019.

## II. Any Anticipated Motions

---

[1] Although Plaintiffs initially only sought what had previously been released to Ancestry, in their administrative appeal, Plaintiffs appeared to expand their request to include more recent data as well. The VA reserves its right to argue in any summary judgment briefing before this Court that Plaintiffs failed to administratively exhaust any request for data post-dating the release to Ancestry.com, as the original FOIA request was for a copy of the release provided to Ancestry.com.

2

Although no motions are contemplated by the parties at this time, it is possible that the parties will need to resolve any disputes that remain after the VA completes the analysis described above and provides releases, if any, to Plaintiffs through cross-motions for summary judgment. The parties therefore request that they be permitted to submit a status letter to the Court no later than 14 days after April 22, 2019, or by May 6, that informs the Court of the disputes that remain, if any, and proposes a briefing schedule for summary judgment

### III. Discussions of Settlement

Because VBA is still in the process of evaluating what information can be released in response to Plaintiffs' FOIA request, the parties have not had an opportunity to confer regarding settlement. The parties anticipate that they will be able to have those discussions after the VA's releases are completed.

We thank the Court for its consideration of this submission.

Respectfully,

GEOFFREY S. BERMAN
United States Attorney

By: */s/ Sharanya Mohan*
SHARANYA MOHAN
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007
Tel: (212) 637-2737
Fax: (212) 637-2786
sharanya.mohan@usdoj.gov

---

Granted. The Court hereby directs the parties to file a joint letter, setting out each party's views on which issues remain and proposing, if necessary, a summary judgment briefing schedule. This letter is due by **Monday, May 6, 2019**. The Court also adjourns the pretrial conference currently scheduled for March 18, 2019 to **Monday, May 20, 2019**.

SO ORDERED.                         3/14/2019

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge