

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, NY 10007

May 6, 2019

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/14/19
```

BY ECF
Honorable Paul A. Engelmayer
United States District Judge
40 Foley Square
New York, NY 10007

Re: *Reclaim the Records, et al. v. U.S. Department of Veterans Affairs*, 18 Civ. 8449 (PAE)

Dear Judge Engelmayer:

    This Office represents the United States Department of Veterans Affairs (the "VA") in this lawsuit involving a Freedom of Information Act ("FOIA") request filed by Plaintiff Brooke Ganz, principal of the nonprofit organization Reclaim the Records (collectively, the "Plaintiffs"), seeking the Beneficiary Identification Records Locator Subsystem ("BIRLS") Death File, a database maintained by the VA. The parties write below, pursuant to the Court's March 14, 2019 Order, to provide a status update from the parties and to propose a briefing schedule for summary judgment motions to address the outstanding issues.

**I.   Background and Status**

    In this action, Plaintiffs seek certain personal data from the BIRLS database for deceased veterans, that they claim was, at least in part, previously released to the genealogy website Ancestry.com in a prior FOIA proceeding. Specifically, Plaintiff Ganz's September 20, 2017, FOIA request at issue sought a "copy of the [BIRLS] Death File," which had "already been made public before" through a prior release to Ancestry.com. Through the administrative process, Plaintiffs clarified that they sought the following fields from the BIRLS database, for the period 1850-2010: gender, birth date, death date, Social Security Number, cause of death, branch(es) of service, enlistment date(s), and release date(s). Plaintiffs claimed that such information was already available to subscribers of Ancestry.com, but sought a copy of it to make it available on their own website.

    The BIRLS database is a massive database of information, including personally identifiable information such as birth dates and social security numbers, on millions of veterans. The custodian of the database is the Veterans Benefits Administration ("VBA"). However, to respond to the Ancestry.com request, the VBA relied upon the Veterans Health Administration ("VHA") to analyze the data prior to release.

    After that release, the VA became aware that the material released included data on living individuals, due to errors in the database leading to mismatches of information. Once

the error was discovered, the VA was required to work with Ancestry.com to exclude that information and offer redress to those living individuals. This process of attempting to verify the death status of the individuals whose data was released required significant analysis of the data released, which included data for over 14 million individuals, and cross-referencing other, wholly unrelated databases accessible to the VA.

Because the VA concluded that it need not, and should not, compound the errors made in the release to Ancestry.com by providing a copy of that release to Plaintiffs, it rejected Plaintiffs' FOIA request. In the past few months, VBA, with the assistance of VHA, has re-analyzed the BIRLS data sought by Plaintiffs that was released to Ancestry.com to verify the accuracy of the deceased status of as many of the individuals as possible whom the data reflects had died within that time period. Pursuant to that analysis, VBA's new, independent evaluation of the data has led it to conclude that only a portion of BIRLS data sought—data for approximately 5 million individuals— is, verifiably, data of deceased individuals, and thus generally not subject to FOIA's Exemption 6, which exempts third-party private information from release. *Davis v. DOJ*, 460 F.3d 92, 97-98 (D.C. Cir. 2007) ("We have recognized that the privacy interest in nondisclosure of identifying information may be diminished where the individual is deceased." (internal quotation marks omitted)). On April 11, 2019, VA released information (where available) for the following fields sought by Plaintiff for those individuals included in the release to Ancestry.com whose deceased status could be verified: gender, birth date, death date, Social Security Number, branch(es) of service, enlistment date(s ), and release date(s).[1]

After that release, the VA conducted a similar analysis of data for individuals who were not part of the Ancestry.com release because their inclusion in the BIRLS database post-dated the Ancestry.com release (the "post-Ancestry data"). The VA determined that a significant portion of the data contains readily-identifiable errors, such as, for example, listing a birth date that was greater than the date of analysis. The VA was also unable to confirm the death status through separate sources for a significant portion of the data. Because of the degree of error in the information, combined with the lack of availability of information confirming death status, the VA determined that it will not be able to produce the post-Ancestry.com data to Plaintiffs, and informed Plaintiffs as much on April 30, 2019.

**The Government's Position:** The data released by the VA is a significant subset, but not all, of the data released to Ancestry.com. Regarding the remaining individuals in the Ancestry.com release and the post-Ancestry.com data, it is the Government's position that the VA appropriately chose not to rely on its prior analysis, which was later shown to be insufficient, and to conduct a new and independent analysis to confirm death status. It then appropriately withheld release of the personal information requested by Plaintiffs pursuant to FOIA Exemption 6, which exempts from disclosure information from personnel, medical, or other similar files where disclosure risks a "clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6); *see U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 599 (1982) (the purpose of exemption 6 is to "protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information").

---

[1] VA did not release the cause-of-death field, requested by Plaintiffs, because it has determined that the information in that field is unreliable.

**Plaintiffs' Position:** The Government has conferred with Plaintiffs, who have indicated, in the first instance, that Plaintiffs will likely challenge the VA's determination not to release any post-Ancestry.com data and challenge the Government's partial withholding of the data previously released to Ancestry.com. It is plaintiff's view that not having confidence is ones data, does not state a FOIA exemption. *Petroleum Info. Corp. v. United States Dep't of Interior*, 976 F.2d 1429, 1430 (D.C. 1992); *Assembly of California v. United State Dep't of Commerce*, 968 F.2d 916, 923 (9th Cir. 1992). The parties will continue to confer during the course of briefing as to the scope of the disputes remaining.

## II.   Motions

As set forth above, the parties are unable to resolve their dispute as to whether some or all of the VA's withholding of data is appropriate under FOIA. The parties therefore respectfully request that the Court enter the following briefing schedule:

- Government's motion for summary judgment due 45 days from the Court's Order entering a briefing schedule;
- Plaintiffs' response and cross-motion for summary judgment due 45 days from the filing of the Government's motion;
- Government's response to the cross-motion and reply due 20 days from the filing of Plaintiffs' response and motion;
- Plaintiffs' reply due 20 days from the filing of the Government's response and reply.

Should the Court deem the above schedule acceptable, the parties respectfully request that the Court enter the schedule and adjourn the initial conference presently scheduled for May 20, 2019.

We thank the Court for its consideration of this submission.

3

Respectfully,

GEOFFREY S. BERMAN
United States Attorney

By: */s/ Sharanya Mohan*
SHARANYA MOHAN
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007
Tel: (212) 637-2737
Fax: (212) 637-2786
sharanya.mohan@usdoj.gov

BELDOCK LEVINE & HOFFMAN LLP

By: _____
David B. Rankin
99 Park Avenue PH/26th Fl.
New York, NY 10016-1601
t: 212-277-5825
e: DRankin@blhny.com

5/14/19

Granted. The Court hereby adjourns the conference set for May 20, 2019. The Court directs the parties to Dkt. 20 for the summary judgment briefing schedule.
SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

4