# Exhibit C

# BELDOCK LEVINE & HOFFMAN LLP
## 99 PARK AVENUE, PH/26TH FLOOR
### NEW YORK, N.Y. 10016-1601

CYNTHIA ROLLINGS
JONATHAN MOORE
KAREN L. DIPPOLD
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT
MARC A. CANNAN
DAVID B. RANKIN
MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

COUNSEL
BRUCE E. TRAUNER
PETER S. MATORIN
MARJORY D. FIELDS
JOSHUA S. MOSKOVITZ
EMILY JANE GOODMAN
 (JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN

REF:
828900.01500

WRITER'S DIRECT DIAL:
212-277-5888
arobinson@blhny.com

**RECEIVED**

**APR -9 2018**

Office of General Counsel
024

**BY FEDEX OVERNIGHT DELIVERY**

April 6, 2018

General Counsel (024)
Department of Veterans Affairs
810 Vermont Avenue, N.W.
Washington, C.D. 20420

**RE: Freedom of Information Appeal – Records Relating to BIRLS Death Index (FOIA No. 18-03259-F)**

Dear Sir or Madam:

Ms. Brooke Ganz, President and CEO of Reclaim the Records, through counsel, hereby appeals the decision of the Department of Veteran Affairs, Veterans Benefits Administration, to deny her request for a full copy of the Beneficiary Identification Records Locator Subsystem ("BIRLS") Death File. Ms. Ganz's FOIA request (No. 18-03259-F) was denied on January 9, 2018, by FOIA Officer Ms. Gwendolyn Smith, Department of Veterans Affairs, Veterans Benefits Administration, 810 Vermont Avenue, NW Washington DC 20420.

By email, on September 20, 2017, Ms. Ganz made sent a FOIA request to the Department of Veteran Affairs asking for a copy of the BIRLS Death File. In her request, Ms. Ganz noted that the data contained in the BIRLS Death File had already been made available to the public, and was currently available online through at least two major genealogy websites, Ancestry.com and Fold3.com. Ms. Ganz noted that she was requested a copy for her organization to be posted online for free public use. A copy of Ms. Ganz's FOIA Request is attached as Exhibit A. Ms. Ganz did not receive a response to her inquiry within 20 days, as required by 5 U.S.C.A. § 552(a)(ii). Accordingly, Ms. Ganz sent five follow up emails, dated October 19, 2017, November 8, 2017, November 28, 2017, December 18, 2017, and January 8, 2018, asking when to expect a response and offering to provide further clarification. Copies of those emails are attached as Exhibit B.

BELDOCK LEVINE & HOFFMAN LLP

GC of Dept of Veterans Affairs
April 6, 2018
Page 2

On January 9, 2018 FOIA Officer Gwendolyn Smith denied Ms. Brooke Ganz's request for a copy of the most current and complete BIRLS death file. Ms. Smith asserted that a full copy of the records could not be provided because the records "contained information that falls within the disclosure protections of FOIA Exemption 6, 5. U.S.C. § 552(b)(6)." Ms. Smith's denial letter is attached as Exhibit C.

Contrary to Ms. Smith's denial, the FOIA law and case law interpreting it mandate that a copy of the BIRLS Death File be released to Ms. Ganz. Even assuming that that information within the BIRLS Death File is exempt under Exemption 6, its release is required under the "public domain" doctrine because, as Ms. Ganz noted in her request, the Department of Veteran Affairs has previously released the exact information Ancestry LLP, which has made the information accessible through an online, permanent, publicly-available, easily-searchable database. Second, the information contained in the BIRLS Death File is not exempt from disclosure under Exemption 6, because the information's contribution to the public's understanding of how government works greatly outweighs any privacy interest in it. In particular, Ms. Smith's denial letter notes that Exemption 6 permits VA to withhold information where release "would constitute a clearly unwarranted invasion of a *living* individual personal privacy," Exhibit C (emphasis added), and, by definition, the subjects of the BIRLS Death File are deceased. Third, even if the BIRLS Death File does contain some information exempt from disclosure under Exemption 6, the VA has a "duty to segregate" the exempt information and release the remaining non-exempt information.

## The Public Domain Doctrine Mandates Release of the BIRLS Death File for the Years 1850-2010

Under the public domain doctrine, the Department of Veteran Affairs must release the BIRLS Death File for the years 1850-2010 because the VA has already made that information available to Ancestry LLC, which has in turn made the information accessible through a publicly-available, permanent searchable database. *See U.S. Department of Veterans Affairs BIRLS File, 1850-2010*, Ancestry.com, https://search.ancestry.com/search/db.aspx?dbid=2441 (last visited Mar. 28, 2018) (listing the U.S. Department of Veteran Affairs as the source of the information). Under the public domain doctrine, "materials normally immunized from disclosure lose their protective cloak once disclosed and preserved in a permanent public record." *Cottone v. Reno*, 193 F.3d 550, 553–54 (D.C. Cir. 1999). The requestor "bears the initial burden of pointing to specific information in the public domain that appears to duplicate that being withheld," and the requestor must show that the specific information being sought is in the public domain by official disclosure. *Wolf v. CIA*, 473 F.3d 370, 378 (D.C. Cir. 2007). The public domain doctrine recognizes that "where information requested 'is truly public . . . enforcement of an exemption cannot fulfill its purposes.'" *Cottone*, 193 F.3d at 554. Indeed, "the public domain doctrine is a doctrine of futility . . . of almost no use to a plaintiff attempting to learn something that it does not already know. *Judicial Watch, Inc. v. U.S. Dep't of Def.*, 963 F. Supp. 2d 6, 12 (D.D.C. 2013). If the requestor can meet this burden, the government must provide the information unless it can show that it has been subsequently destroyed or placed under seal. *Id.* at 554.

GC of Dept of Veterans Affairs
April 6, 2018
Page 3

Under the public domain doctrine, VA must provide Ms. Ganz the following extracts of the BIRLS Death File, for all individuals in the File, for the years 1850-2010: gender, birth date, death date, Social Security Number, cause of death, branch(es) of service, enlistment date(s), and release date(s). Through its website, Ancestry LLP has made all of this information publicly available to its users. *See U.S. Department of Veterans Affairs BIRLS File, supra*. Ancestry LLP further represents that it obtained a copy of the entire BIRLS Death File, except for the veterans' names, directly from the Department of Veteran Affairs, demonstrating that the requested information is in the public domain through official disclosure. *See Wolf*, 473 F.3d at 378; *U.S. Department of Veterans Affairs BIRLS File, 1850-2010, supra*. This is a case where enforcement of an exemption cannot fulfill its purpose. Any internet user can create a free trial account with Ancestry and instantly access all of this information contained in the BIRLS Death File in an easily searchable format. *See Start Your FREE Trial At Ancestry.com*, https://www.ancestry.com/cs/offers/freetrial (last visited Mar. 28, 2018). While Ms. Ganz already has access to the information contained in the BIRLS Death File through Ancestry.com, as her FOIA request explains, she has requested a copy of the full record for her own organization, Reclaim the Records, so it may similarly make this information available on its own website, much like Ancestry has done. Exhibit A.

### The Public Interest in the BIRLS Death File Outweighs Any Privacy Interest

Disclosure of the BIRLS Death Index—including for the years subsequent to 2010—is also mandated under the FOIA law because the public benefit of disclosure greatly outweighs any privacy interest in the information. *See U.S. Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 495 (1994); *Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749 (1989). First, any potential privacy interest in the information contained in the BIRLS Death Index is eliminated by the fact that, as discussed above, all of the information is already available to any internet user who creates an account with Ancestry.com in a user-friendly, easily searchable database. *See Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, 840 F. Supp. 2d 226, 233 (D.D.C. 2012) ("One can have no privacy interest in information that is already in the public domain . . . ."); *U.S. Dep't of Justice, U.S. Dep't of Justice Guide to the Freedom of Information Act* 436 (2016) (noting, in the context of Exemption 6, "[u]nless the information has become 'practicably obscure,' . . . there is generally no expectation of privacy regarding information that is particularly well known or is widely available within the public domain").

Even if this information was not already in the public domain, disclosure of the BIRLS Death Index at most implicates extremely minimal privacy interests easily overcome by the public benefits of disclosure. First, by definition, the subjects of the BIRLS Death Index records have a diminished privacy interest in the information contained in their records because to be because to be included in the Index, one must be deceased, and the privacy interest is diminished where the subject of a record is deceased. *See Schrecker v. U.S. Dep't of Justice*, 349 F.3d 657, 661–62 (D.C. Cir. 2003). Indeed, Ms. Smith's denial of Ms. Ganz's FOIL request indeed

GC of Dept of Veterans Affairs
April 6, 2018
Page 4

acknowledges that Exemption 6 only protects the privacy interests of *living* individuals. Exhibit C. In addition, the BIRLS Death Index simply provides a general statement of the cause of death, unlike in cases where courts have found that disclosure of a record could implicate the privacy rights of grieving family members. *See, e.g., Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 170 (2004) (recognizing "surviving family members' right to personal privacy with respect to their close relatives death-scene images").

On the other hand, the information contained in the BIRLS Death Index is of substantial public interest. It provides significant insight how the government works by providing the public with information about the government's response to a significant number of wars and armed conflicts: WWI, the Korean War, WWII, the Vietnam War, the Gulf War, and the Iraq War among others. *See Fed. Labor Relations Auth.*, 510 U.S. at 495;. *Reporters Comm. for Freedom of Press*, 489 U.S. 749. By providing the dates of enlistment and release, the BIRLS Death Index can help members of the public better understand how the government responded to conflicts by drafting and enlisting soldiers. Information about causes of death can help the public contextualize the government's responses to wartime causalities, and can help members of the public better understand how the Veterans Administration works by providing information about how long veterans were eligible for services between being released from service and their deaths. Gender information can help members of the public understand how women have become gradually integrated into the military. Access to the BIRLS Death File will enable members of the public to act as historians and better understand the government's response to armed conflicts from the 19th through 21st century. This greatly outweighs the minimal privacy interests of deceased individuals and their family members, particularly because the BIRLS Death Index is already publicly available on the internet.

## Any Reasonably Segregable Portion of A Record Shall Be Provided to Any Person Requesting Such Provision After Deletion of the Portions Which Are Exempt

Even if some portion of the BIRLS Death Index can be properly withheld under Exemption 6, the Department of Veteran's Affairs must release the remainder of the documents. In her letter denying Ms. Ganz's FOIA request, Ms. Smith stated that her review of the documents "revealed that they contained information that falls within the disclosure protections of FOIA Exemption 6" and that "Exemption 6 permits VA to withhold a document or information contained within a document if disclosure of the information would constitute a clearly unwarranted invasion of a living individual's personal privacy." Exhibit C. Exemption 6, however, does not permit an agency to withhold an entire document if exempt information can be segregated from non-exempt information. Indeed, "FOIA specifically requires that, if a requested record contains information that is exempt from disclosure under one of the FOIA exemptions, "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." *Trans-Pac. Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1026–27 (D.C. Cir. 1999) (quoting 5. U.S.C. § 552(b)). Ms. Smith's letter, in fact, states that reviewed documents "*contained* information" that was exempt, rather than *consisted solely of* information that was exempt, suggesting that based

GC of Dept of Veterans Affairs
April 6, 2018
Page 5

on her personal analysis, some of the information is subject to FOIA. Exhibit C. Under FOIA's plain language, this information, at the very least, must be disclosed.

Because the BIRLS Death File is already in the public domain, and the public interest in its disclosure far outweighs any private, the Department of Veteran Affairs should order disclosure of the records in the interest of avoiding unnecessary litigation. In the event that any portions of the File are withheld or deleted, the Department at a minimum should specifically identify any portions withheld, provide an index or similar statement of the scope of the material withheld, and specify the exemptions upon which the denial on appeal is based.

Pursuant to the requirements of FOIA, we request a response to this appeal within twenty working days. Please contact me by telephone if you have any questions or if I can facilitate your review, and the expeditious release, of the requested records in any way.

Sincerely,

David B. Rankin, Esq.

DBR/alr
Enclosures.

cc: Ms. Brooke Ganz

From: Reclaim The Records
09/20/2017

Subject: Freedom of Information Request: FOIA Request for the BIRLS Death File
Email

To Whom It May Concern:

This is a request under the Freedom of Information Act.

I represent a 501(c)(3) non-profit organization called Reclaim The Records. We are an activist group of genealogists, historians, journalists, and open government advocates who acquire genealogical and archival data sets and images from government sources, often through the use of Freedom of Information laws. We then upload those records to the Internet, making them freely available to the public and returning them to the public domain.

We request a copy of the Beneficiary Identification Records Locator Subsystem (BIRLS) Death File, a very large database maintained by your agency. This data has already been made available to the public before, and it is currently online at at least two major commercial genealogy websites, Ancestry.com and Fold3.com. We are now requesting a copy for our organization, so that we may post it online for free public use.

We would also like to recommend that your agency upload a copy of the file to the federal government's open data portal, data.gov.

Based on this scanned "Request for Records Disposition Authority" document, located at archives.gov...

https://www.archives.gov/files/records-mgmt/rcs/schedules/departments/department-of-veterans-affairs/rg-0015/n1-015-11-002_sf115.pdf

...it seems that the BIRLS Death File has the VA Item Number 08-065 000, and a copy may have already been turned over to the National Archives and Records Administration (NARA).

We request that this file be turned over to us in database format, as it already exists in a database. We would like to receive it on a portable USB drive, and we are willing to pay the costs for purchasing that drive and for its insured and trackable domestic shipping, as well as any fees associated with fulfilling this request. Please inform us of all fees in advance of fulfilling our order.

Thank you for your consideration, and we look forward to your timely response within twenty business days, as the statute requires.

Sincerely,

Brooke Schreier Ganz
President and Founder of Reclaim The Records

https://www.ReclaimTheRecords.org/
info@reclaimtherecords.org

From: Muckrock Staff
10/19/2017

Subject: RE: Freedom of Information Request: FOIA Request for the BIRLS Death File
Email

To Whom It May Concern:

I wanted to follow up on the following Freedom of Information request, copied below, and originally submitted on Sept. 20, 2017. Please let me know when I can expect to receive a response, or if further clarification is needed.

Thanks for your help, and let me know if further clarification is needed.

From: Muckrock Staff
11/08/2017

Subject: RE: Freedom of Information Request: FOIA Request for the BIRLS Death File
Email

To Whom It May Concern:

I wanted to follow up on the following Freedom of Information request, copied below, and originally submitted on Sept. 20, 2017. Please let me know when I can expect to receive a response, or if further clarification is needed.

Thanks for your help, and let me know if further clarification is needed.

From: Muckrock Staff
11/28/2017

Subject: RE: Freedom of Information Request: FOIA Request for the BIRLS Death File
Email

To Whom It May Concern:

I wanted to follow up on the following Freedom of Information request, copied below, and originally submitted on Sept. 20, 2017. Please let me know when I can expect to receive a response, or if further clarification is needed.

Thanks for your help, and let me know if further clarification is needed.

From: Muckrock Staff
12/18/2017

Subject: RE: Freedom of Information Request: FOIA Request for the BIRLS Death File
Email

To Whom It May Concern:

I wanted to follow up on the following Freedom of Information request, copied below, and originally submitted on Sept. 20, 2017. Please let me know when I can expect to receive a response, or if further clarification is needed.

Thanks for your help, and let me know if further clarification is needed.

From: Muckrock Staff
01/08/2018

Subject: RE: Freedom of Information Request: FOIA Request for the BIRLS Death File Email

To Whom It May Concern:

I wanted to follow up on the following Freedom of Information request, copied below, and originally submitted on Sept. 20, 2017. Please let me know when I can expect to receive a response, or if further clarification is needed.

Thanks for your help, and let me know if further clarification is needed.



DEPARTMENT OF VETERANS AFFAIRS
Veterans Benefits Administration
Washington DC  20420

January 9, 2018

Brooke Schreier Ganz
President and Founder of Reclaim
  The Records MuckRock News
DEPT MR 43139
411A Highland Ave
Somerville, MA 02144-2516

FOIA#:  18-03259-F

Dear Mr. Ganz:

This letter is in response to your Freedom of Information Act (FOIA), 5 U.S.C. 552, received in our office on September 20, 2017, in which you are seeking a copy of the most current and complete BIRLS Death file.

The Veterans Benefits Administration conducted a reasonable search for the records you are seeking.  It has been determined that we cannot provide a full copy of BIRLS Death File without releasing PII information.  My review of the documents revealed that they contained information that falls within the disclosure protections of FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  FOIA Exemption 6 permits VA to withhold a document or information contained within a document if disclosure of the information would constitute a clearly unwarranted invasion of a living individual's personal privacy.  Stated another way, VA may withhold information under FOIA Exemption 6 where disclosure of the information, either by itself or in conjunction with other information available to either the public or the FOIA requester, would result in an unwarranted invasion of an individual's personal privacy without contributing significantly to the public's understanding of the activities of the federal government.

Specifically, the information I am withholding under FOIA Exemption 6 consists of Veterans and their beneficiaries as the individuals associated with this information have a personal privacy interest in it.

The coverage of FOIA Exemption 6 is absolute unless the FOIA requester can demonstrate a countervailing public interest in the requested information by demonstrating that the individual is in a position to provide the requested information to members of the general public and that the information requested contributes significantly to the public's understanding of the activities of the Federal government.  Additionally, the requester must demonstrate how the public's need to understand the information significantly outweighs the privacy interest of the person to whom the information pertains.  Upon consideration of the materials provided, I have not been able to identify a countervailing public interest of sufficient magnitude to outweigh the privacy interest in this case.  The individuals associated with this information have a personal privacy interest in information that outweighs any public interest served by disclosure of their identities under

FOIA. Consequently, I am denying your request for this information under FOIA Exemption 6, 5 U.S.C. § 552 (b)(6).

This concludes our response. Your request was processed by the undersigned. You may appeal the determination made in this response to:

> General Counsel (024)
> Department of Veterans Affairs
> 810 Vermont Avenue, N.W.
> Washington, D.C. 20420

If you should choose to make an appeal, your appeal must be postmarked no later than ninety (90) calendar days after the date of the adverse determination. It must clearly identify the determination being appealed and must include any assigned request number.

The appeal should include:

1. The name of the FOIA Officer
2. The address of the component
3. The date of the component's determination, if any
4. The precise subject matter of the appeal

If you choose to appeal only a portion of the determination, you must specify which part of the determination you are appealing. The appeal should include a copy of the request and VA's response, if any. The appeal should be marked "Freedom of Information Act Appeal".

In addition to filing an appeal with the Office of General Counsel regarding my determination, you may also seek assistance and/or dispute resolution services regarding your FOIA request from VA's FOIA Public Liaison and or Office of Government Information Services (OGIS) as provided below:

> VA FOIA Public Liaison:
> Email Address:     vacofoiaservice
> Phone Number:     (877) 750-3642
>
> Office of Government Information Services (OGIS)
> Email: ogis@nara.gov
> Fax: (202) 741-5769
> Mailing address: Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road
> College Park, MD 20740-6001

Thank you for your interest in the Department of Veterans Affairs. Customer service is very important to us. If you have questions regarding this letter, please contact me on (202) 632-8928.

Sincerely yours,

*Gwen Smith*

Gwendolyn Smith
FOIA Officer

2

```
ORIGIN ID:JRAA  (212) 490-0400         SHIP DATE: 06APR18
DAVID B. RANKIN                        ACTWGT: 1.00 LB
BELDOCK LEVINE & HOFFMAN LLP           CAD: 100109982/INET3980
99 PARK AVENUE
PH/26TH FL
NEW YORK, NY 10016                     BILL SENDER
UNITED STATES US

TO  DEPARTMENT OF VETERANS AFFAIRS
    GENERAL COUNSEL (024)
    810 VERMONT AVENUE, N.W.

    WASHINGTON DC 20420
    (844) 872-4681        REF: RTR-BIRLS
    INV: 828900.01500
    PO:                   DEPT:
```




FedEx Express

```
           MON - 09 APR 3:00P
           STANDARD OVERNIGHT
TRK#  7719 3342 5378
0201
                            20420
     SA BZSA
                   DC-US    IAD
```



X-RAYED

APR 09 2018
Inspected Mail
BVA/DOJ

After printing this label:
CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.