UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RECLAIM THE RECORDS and BROOKE SCHREIER GANZ,<br><br>                    Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, including its Components, the Office of General Counsel, the Veterans Benefits Administration, and the Veterans Health Administration,<br><br>                    Defendant. | 18 Civ. 8449 (PAE)<br><br>**DECLARATION OF DEREK HERBERT** |

I, Derek Herbert, do hereby declare under penalties of perjury, pursuant to 28 U.S.C. §1746, that the following is true and correct to the best of my knowledge, information and belief:

1.      I am the Acting Assistant Director of the Benefits Systems Support and Integration ("BSSI") division within the Office of Business Process Integration, Veterans Benefits Administration ("VBA"), Department of Veterans Affairs ("VA"), located in Washington, D.C.  I was appointed to this position in October 2018.

2.      My responsibilities include, among other things: the development, delivery and maintenance of various acquisitions which support data quality initiatives; collaboration and coordination with personnel from VA's Office of Information and Technology ("OI&T") and various stakeholders to resolve national system outages and performance issues; coordination with various stakeholders on policy changes related to Veteran data and the impact to VBA benefits delivery programs; management of VBA's common security platform (i.e. system and user access) including the development of policies and internal controls which support various

personnel activities.  I base this declaration on my personal knowledge and best recollections, as well as information made known to me by other VBA who participated in the analyses described below.

  3. VBA was notified in October 2018 of a complaint filed in this action by Plaintiffs Reclaim the Records and Brooke Schreier Ganz ("Plaintiffs") concerning the Plaintiffs' FOIA request for certain veteran data.  VBA collaborated with the Veterans Health Administration ("VHA") to provide a response which upheld appropriate safeguards to protect veteran privacy.  VBA national-level data is stored in electronic datasets; namely, files or database tables/views.  When a FOIA request is received, the request may or may not implicate beneficiary privacy concerns.  For example, someone might request multiple data sets which contain individual-level data about beneficiaries, including, for example, demographic information (e.g. age, race, sex, geographic location) about beneficiaries and corresponding health, financial, and military service information. This type of request has the potential to impact beneficiary privacy concerns even if the Veterans' names, addresses, and social security numbers are withheld because it is individual level data and may enable reidentification, depending on what is being requested. Consequently, when a FOIA request seeks large amounts of data, the data is extracted, saved into a MS Excel file, and sent to the FOIA / Privacy Office for review and approval.

  4. In approximately 2010, VA received a FOIA request from Ancestry.com for "a copy of the BIRLS Death File."  The BIRLS database, database maintained by VBA, contains basic identifying information on a VA claimant.  The BIRLS database includes Veteran information such as social security numbers, dates of birth, and military service information, from sources including VBA employees who input data into BIRLS, primarily regarding a Veteran's service information or basic information such as the date of death for deceased

Veterans, as well as external agencies such as DoD or SSA who provide information to the VBA. VBA controls the BIRLS database; at that time, VHA had access to a limited data set from the BIRLS database consisting of information on deceased individuals, internally called the "BIRLS Death File." The BIRLS Death File includes personal information for deceased Veterans, including social security numbers, dates of birth, and military service information, and date of death.

5. VHA was assigned the processing of Ancestry.com's FOIA request. After releasing data on deceased individuals in response to the FOIA request, VHA learned that some individuals included in the release were living. It is my understanding that VHA then took corrective action to address that incident.

6. In a letter dated September 20, 2017, VA received a FOIA request from the Plaintiff Brooke Ganz, on behalf of Reclaim the Records, seeking a copy of the BIRLS Death File; the Plaintiff noted that the file had been released to Ancestry.com and that she was requesting a copy of that file. The request was identified as 18-03259-F. VBA later came to understand that the requester was also purporting to seek the same information for time period after the release to Ancestry.com. VBA also came to understand that Plaintiff was seeking the following fields from BIRLS in its request: gender, birth date, death date, Social Security Number, cause of death, branch(es) of service, enlistment date(s), and release date(s).

7. In December 2018, VBA and VHA agreed to collaborate on the validation of the dataset that was analyzed in the Ancestry.com release as a means of confirming the data that could be released in response to the Plaintiff's FOIA request. VHA compared the original Ancestry.com release to match individuals in that release with VHA's *Vital Status File.*. The *Vital Status File* includes data from the Social Security Administration (SSA) Death Master File

(DMF), Patient Treatment File (PTF), Centers for Medicare and Medicaid Services (CMS), VBA's Beneficiary Identification Records Locator Subsystem (BIRLS), and the Master Veteran File (MVI). To the extent that VHA was able to match individuals from the Ancestry.com release to the *Vital Status File*, VHA provided available death information for those individuals from the *Vital Status File*.

8. VBA then cross-referenced the entire Ancestry.com dataset against the *Vital Status File* information provided by VHA, as well as BIRLS; the VBA's Corporate Database, which is the authoritative repository for all claims related information at the VA; the VHA Inpatient File, which is the authoritative repository for all inpatient information at the VA; and the VHA Administrative Data Repository, which is a VHA repository of identity management, demographic, and eligibility information to which VBA has access. VBA determined that the criteria required for the deceased status of a record to be valid, and thus could be released to Reclaim the Records, was that the Veteran must have matching dates of death in at least two of the VA data sources discussed above. Additionally, if there were conflicting death dates for an individual in the data sources cross-referenced by VHA and VBA, or if any of the data sources included a living indicator for that individual, that individual's record was determined to have an invalid death date for the purposes of this analysis.

9. At the conclusion of its analysis of the Ancestry.com release, VBA recommended releasing records for 5,017,533 of the original 14,470,452 individuals included in the Ancestry.com release, based on its ability to confirm the deceased status through at least two VA data sources as described above. The remaining 9,452,721 Veteran records were determined to have an invalid death date because, for example, they had conflicting results regarding death status, or a death date that only matched with one data source or no sources. Pursuant to the

VBA's analysis, VA released the following fields (where available) of information for those 5,017,533 individuals: gender, birth date, death date, and Social Security Number, and up to three branch(es) of service, enlistment date(s), and release date(s).  VA did not release the cause of death field for those individuals because different data sources contained contradictory information, and VBA only validates causes of death when needed to provide benefits to Veterans and dependents.

10. VBA then provided VHA with an extract from BIRLS of data for potentially deceased veterans post-dating the Ancestry.com release, meaning that the veterans had a date of death between January 1, 2010 and April 3, 2019 (the "post-Ancestry data").  VHA indicated that the post-Ancestry data had a significant number of dates of birth which were greater than the date the original analysis was conducted.  VHA then expanded this analysis and identified many data entries where dates of death were less than 16 years after the date of birth. VHA's analysis revealed inconsistencies such as discrepancies between dates of birth and death between sources, the absence of information within the *Vital Status File,* or a combination of these issues. Ultimately, VHA recommended against releasing any of the post-Ancestry data because re-identification of individuals would be likely.

11. VHA provided VBA with its analysis, and VBA reviewed that analysis.  VBA concurred with the recommendation to limit the release of data based on the analyses described above.  In particular, VBA determined that the post-Ancestry data was so error-filled that it could not feel confident that the use of the same cross-referencing efforts and criteria for release would identify those veterans with BIRLS death dates who were, in fact, deceased.

12. The VA is in the process of retiring BIRLS since the Corporate Database is a more modern relational database and is the authoritative source of VBA Claims and ratings data. BIRLS currently stores the date of death when input by a VBA employee but does not sync with VHA or other systems to ensure data is consistent across the organization. Due to this limitation, the data is not necessarily inherently inaccurate, but is likely to be highly inconsistent with other systems and without a detailed analysis, it is difficult to determine the accuracy of the data with a high degree of confidence.

Executed this 27 day of June 2019

DEREK L. HERBERT 312060
Digitally signed by DEREK L. HERBERT
312060
Date: 2019.06.27 17:43:59 -04'00'

_____
Derek Herbert
Department of Veterans Affairs