# Exhibit A



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, NY 10007

April 11, 2019

BY FEDEX AND EMAIL
David Rankin
Beldock Levine & Hoffman LLP
99 Park Avenue, 26th Floor
New York, NY  10016

Re: *Reclaim the Records, et al. v. U.S. Department of Veterans Affairs*, 18 Civ. 8449 (PAE)

Dear Mr. Rankin:

    As you know, this Office represents the United States Department of Veterans Affairs (the "VA") in this lawsuit involving a Freedom of Information Act ("FOIA") request filed by Plaintiff Brooke Ganz, principal of the nonprofit organization Reclaim the Records (collectively, the "Plaintiffs"), seeking the Beneficiary Identification Records Locator Subsystem ("BIRLS") Death File, a database maintained by the VA.

    Plaintiff Ganz's September 20, 2017, FOIA request at issue sought a "copy of the [BIRLS] Death File," which had "already been made public before" through a prior release to Ancestry.com. Through the administrative process, Plaintiffs clarified that they sought the following fields from the BIRLS database, for the period 1850-2010: gender, birth date, death date, Social Security Number, cause of death, branch(es) of service, enlistment date(s ), and release date(s). Although Plaintiffs initially only sought what had previously been released to Ancestry.com, in their administrative appeal, Plaintiffs appeared to expand their request to include post-2010 data as well.

    As described to the Court in the parties' March 18, 2019, letter, the BIRLS database is a massive database of information, including personally identifiable information, on millions of veterans. The custodian of the database is the Veterans Benefits Administration ("VBA"). However, to respond to the Ancestry.com request, the VBA relied upon the Veterans Health Administration ("VHA") to analyze the data prior to release.

    After that release, the VA became aware that the material released included data on living individuals, due to errors in the database leading to mismatches of information. Once the error was discovered, VA was required to work with Ancestry.com to exclude that information and offer redress to those living individuals. This required significant analysis of the data released, which included data for over 14 million individuals, and cross-referencing other, wholly unrelated databases accessible to the VA, to make efforts to verify the death status of the individuals whose data was released.

Because the VA concluded that it need not, and should not, compound the errors made in the release to Ancestry.com by providing a copy of that release to Plaintiffs, it rejected Plaintiffs' FOIA request. However, in the past few months, VBA, with the assistance of VHA, has re-analyzed the BIRLS data sought by Plaintiffs that was previously released to Ancestry.com. VBA's new, independent evaluation of the data has led it to conclude that only a portion of BIRLS data sought—data for approximately 5 million individuals— is, verifiably, data of deceased individuals, and thus generally not subject to FOIA's Exemption 6, which exempts third-party private information from release. *Davis v. DOJ*, 460 F.3d 92, 97-98 (D.C. Cir. 2007) ("We have recognized that the privacy interest in nondisclosure of identifying information may be diminished where the individual is deceased." (internal quotation marks omitted)).

Based on that analysis, and consistent with Plaintiffs' clarification of the fields of information that were the subject of their FOIA Request, we are enclosing herewith a CD containing an extraction from the BIRLS database of the following fields (where available) of information for those individuals included in the release to Ancestry.com whose deceased status could be verified: gender, birth date, death date, Social Security Number, branch(es) of service, enlistment date(s), and release date(s). A password to the CD will be provided by email.

The data that VBA is prepared to release is a significant subset, but not all, of the data released to Ancestry.com. Regarding the remaining individuals, there were not sufficient sources establishing death status, or the available data sources either contained conflicting living/deceased status or included insufficient supporting evidence of death on file. Therefore, those individuals are not being included in today's release. Due to the extremely sensitive nature of the data sought by Plaintiffs, consisting of private information of millions of third-parties, VBA is not prepared to rely on the prior analysis done in connection with the release to Ancestry.com, or the remedial analysis done to limit the dissemination of living individuals' information after that release.

Additionally, VBA is not prepared to release the cause-of-death field from the BIRLS database because it has determined that the information in that field is unreliable. Specifically, VBA's cause-of-death data is limited. Many veterans, for example, do not receive care through VA or file claims with VA and the agency, therefore, does not have cause-of-death data pertaining to such individuals. In addition, VBA is unable to compare cause-of-death data to other outside databases that might have more comprehensive death data.

Having completed its processing of the information originally sought by Plaintiff Ganz in her September 20, 2017, FOIA request, the VA is now turning to conduct the same analysis to verify deceased status of any individuals in the BIRLS database who were not included in the Ancestry.com release because their inclusion in the database postdated the VA's processing of that release. We hope to make any additional releases after that analysis no later than April 30.

Once you have a chance to review this letter and enclosed release, I am available to discuss whether there are any issues remaining for litigation in this case.

Please do not hesitate to contact me with any questions in the meantime.

                Sincerely,

                GEOFFREY S. BERMAN  
                United States Attorney

By: *[signature]*

                SHARANYA MOHAN  
                Assistant United States Attorney  
                86 Chambers Street, Third Floor  
                New York, NY 10007  
                Tel: (212) 637-2737  
                Fax: (212) 637-2786  
                sharanya.mohan@usdoj.gov

Enclosure (via FedEx only)