

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, NY 10007

March 8, 2022

BY ECF
Honorable Paul A. Engelmayer
United States District Judge
40 Foley Square
New York, NY 10007

Re: *Reclaim the Records, et al. v. U.S. Department of Veterans Affairs*, 18 Civ. 8449 (PAE)

Dear Judge Engelmayer:

    This Office represents the United States Department of Veterans Affairs (the "VA") in this Freedom of Information Act ("FOIA") case. On behalf of the parties, we write to seek this Court's approval for the VA's proposed methodology for achieving compliance with this Court's order resolving the parties' cross-motions for summary judgment, Dkt. No. 39. The parties agree that the VA's methodology—described in further detail below—achieves full compliance with that Order. Because compliance with the Court's order necessarily requires VA to make confidence determinations in complex datasets, we also seek judicial approval for the VA's proposed methodology.

    ***Background.*** This case concerned a dispute over Plaintiff's request for the "BIRLS Death File"—a subset of an internal Veterans Benefits Administration ("VBA") database for veterans that have a "death date" listed in the VBA dataset. *See* Dkt. No. 39 at 3. Ahead of summary judgment briefing, the VA produced a portion of the BIRLS Death File but withheld the remainder of it. In a March 24, 2020, decision on the parties' cross-motions for summary judgment, this Court ordered the VA to release the remainder of the BIRLS Death File to Plaintiff. The Court, however, permitted the VA "to remove data from the BIRLS Death File relating to living persons." *Id.* at 25. The Court set a April 1, 2022, production deadline—noting its expectation that the VA would use that time on its efforts to remove data relating to living persons.

    ***The VA Tests Methodologies.*** After the Court issued its order, VBA employed a team of data scientists and data analysts to focus on methodologies to identify living persons contained in the BIRLS Death File. In total, the VBA tested five different methologies. The tested methodologies employed sophisticated computer code to compare the data in the BIRLS Death File against other Government databases in order to identify potential "proof of life" for persons whose information is contained in the BIRLS Death File. The VBA also

analyzed the results of each tested methodology in order to determine whether the methodology produced any potential errors (e.g., identified false positives—individuals that the methodology identified as "living," but VBA had reason to believe might be an incorrect result). Through these efforts, the VBA designed a methodology that avoided pitfalls identified with certain tested methodologies.

***The VA's Proposed Methodology.*** The VA's proposed methodology cross-references the BIRLS Death File against the current VBA database used to process veterans' benefits, which is called the "Corporate Database." The VBA has high confidence in the data quality of the Corporate Database. That is because, among other reasons, the Corporate Database receives "notifications of death" from from the Veterans Health Administration, the Social Security Administration, and other sources such as the U.S. Department of Justice and state coroner databases. In cross-referencing the Corporate Database, the VA's proposed methodology labels the following persons included in both the Corporate Database and the BIRLS Death File as "living persons":

- Individuals whose "date of death" is listed as "reversed" in the Corporate Database. In the VA's experience, such reversals typically occur after a false report of death that causes a veteran to make contact with the VA to confirm their living status.

- Individuals who, at the time of the VA's query, were not identified as deceased in the Corporate Database and had filed a claim with the VA on a date after their reported date of death in the BIRLS Death File.

This application of this methodology will result in the withholding of 1,795 persons' information from the BIRLS Death File produced to Plaintiff (out of a total of approximately 18.5 million persons' information). The parties believe that this methodology is tailored to achieve full compliance with this Court's order. For these reasons, the parties respectfully request that the Court so-order this letter, stating that the proposed methodology complies with the Court's order. Upon the issuance of such an order, the VA can produce the remainder of the BIRLS Death File—excluding the records of the 1,795 living persons—within two weeks' time.

Lastly, we respectfully inform the Court the parties have also reached an agreement on Plaintiff's anticipated claim for attorney's fees and costs. The parties are submitting a corresponding stipulation and proposed order under separate cover.

We thank the Court for its consideration of this matter.

                                            Respectfully,

                                            DAMIAN WILLIAMS
                                            United States Attorney

By:   */s/ Charles S. Jacob*
       CHARLES S. JACOB
       Assistant United States Attorney
       86 Chambers Street, Third Floor
       New York, NY 10007
       Tel: (212) 637-2725
       charles.jacob@usdoj.gov

cc: Counsel of record (via ECF)

Granted. The parties are directed to file by March 11, 2022 a letter explaining what, if any, issues are outstanding in the case.
    SO ORDERED.

*[signature: Paul A. Engelmayer]*

PAUL A. ENGELMAYER
United States District Judge
March 9, 2022